FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 27 2000

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

NICOLE EWING AND PASHUN
SHAMPAGNE JACKSON,

    Plaintiffs,

vs.

DILLARD'S, INC., AND ARKANSAS
CORPORATION, THE CITY OF LITTLE
ROCK ARKANSAS, JOHN DOE A, JOHN
DOE B, JOHN DOE C AS ADDITIONAL
PARTIES,

          Defendants.

CASE NO. _____

This case assigned to District Judge *Wilso*
and to Magistrate Judge_____ *Cavane*

COMPLAINT AND DEMAND
FOR JURY TRIAL

4-00-CV-00712-

## COMPLAINT

**COMES NOW** Plaintiffs, Nicole Ewing and Pashun Shampagne Jackson by and

through their attorneys state the following for their causes of action against Defendants

Dillard's Inc. and The City of Little Rock, Arkansas.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a Jury Trial on all issues raised herein.

## A.  THE PARTIES

1.    Nicole Ewing ("Ewing") is a citizen of the United States and resides at 4710

    Sam Peck Road, Apartment 1148, Little Rock, Arkansas 72223.

2.    Pashun Jackson ("Jackson") is a citizen of the United States and resides at

    #21 Nandina Circle, Apartment 11, Little Rock, Arkansas 72209.

3.    The Defendant, Dillard's, Inc. ("Dillard's") is a Corporation under the laws of

    the State of Delaware.  It transacts business within the State of Arkansas



DOCUMENT
NUMBER

and in particular in Little Rock, Arkansas.

4.    The City of Little Rock, Arkansas ("Little Rock") is a Municipal Corporation incorporated under the laws of the State of Arkansas.

## B. JURISDICTION AND VENUE

5.    Jurisdiction over this claim is provided by this Court under 28 U.S.C. § 1343 and 1331.  Further, this Court has jurisdiction under 28 U.S.C. § 1367 to Plaintiffs' state law claims of a violation of False Imprisonment and Defamation and that all claims made herein are similarly related to each that they form part of the same case or controversy under Article 3 of the United States Constitution.

6.    The Court has jurisdiction over the Defendants because of the unlawful acts alleged in this Complaint were committed in Little Rock, Arkansas which lies within the Eastern District of Arkansas over which this Court has jurisdiction. In addition, the Court has Federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 in that the action arises out of violations of Constitution and laws of the United States.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Little Rock, Arkansas which lies within the District of the Court and because the Defendants transact business within the jurisdiction of this Court.

## C. FACTUAL ALLEGATIONS

8.  On or about February 12, 1998, Plaintiffs, African-American females, were shopping at the Dillard's Park Plaza located in Little Rock, Arkansas. At some point while they were shopping, an unidentified Dillard's employee indicated to an Little Rock off-duty police officer employed by Dillard's that Plaintiff Ewing had been shoplifting.

9.  Plaintiff Ewing had worn no bulky clothing, was not carrying a purse and was wearing very tight clothing.

10. Plaintiff Ewing had already departed the Dillard's store and was outside in the main parking area when a Little Rock police officer, in uniform, tapped her on the shoulder and asked her to step back inside. The officer indicated that an unidentified person who was an employee of Dillard's said they saw Plaintiff Ewing "shoplifting and taking something."

11. All Plaintiff Ewing had in her possession was an umbrella purchased at another store.

12. While searching for Ewing, another uniformed off-duty Little Rock police officer employed by Dillard's stopped Jackson and asked her to come with him. When Plaintiff Jackson inquired as to the reason, she was informed by the officer that he needed to know where Plaintiff Ewing was located.

13. Prior to this Plaintiff Jackson had returned some dresses; she had the original sales slips and had gone to get an exchange the articles for money. The exchange took place without incident.

14. Plaintiff Jackson was never accused of shoplifting.  The off-duty police

officer indicated that they were going to hold her until they found Plaintiff Ewing. Ms. Jackson produced her driver's license which was written down. She had no purse.

15.  Dillard's, despite not accusing her of shoplifting, took her photograph and was asked to sign an agreement to be banned from all Dillard's stores. The police officer and the store manager (a white female) made it clear to Plaintiff Jackson that she would not be allowed to leave the store until she agreed to be banned, despite the fact that she was not accused of a crime or shoplifting.

16.  The off-duty police officer also used his radio to contact the State Police Headquarters to check for any outstanding warrants for Jackson's arrest, despite the fact that she was not accused of shoplifting.

17.  In addition, the store manager was asked to check either the computer system or their banned book system with regard to whether Plaintiff Jackson had previously signed a banned agreement.

18.  Plaintiff Ewing was patted down by the officer, including putting his hands in her jean and hip pockets.

19.  Shortly thereafter, the off-duty police officer escorted Plaintiff Ewing back to the room where she saw Plaintiff Jackson crying in a chair. Plaintiff Jackson was also asked to sign a banned agreement, despite there being no evidence of shoplifting.

20.  Plaintiff Ewing refused to sign any such agreement. Despite no

substantiation of the shoplifting claim, the off-duty police officer checked to see if there were any outstanding warrants against Plaintiff Ewing.

21. As it turned out later, Plaintiff Ewing's name mistakenly appeared on the computer as having an outstanding warrant, but such matter was ultimately cleared up.

22. Plaintiff Ewing, four (4) months pregnant, asked to use the restroom but was denied such a privilege. In fact, she had to wait almost two (2) hours with the police officer waiting for a police car to escort her. During that time she had an occasion to notice the banned book and nearly all of the individuals in the book were non-Caucasian.

23. The off-duty police officer also indicated that he believed Dillard's was wrong, but he was only doing his job.

24. Neither Plaintiff had previously been banned from the store, nor had any valid outstanding warrants.

25. Neither Plaintiff was found to have any shoplifted material on them.

26. On information and belief, Defendants' actions were originally motivated, based on racial stereotypes and/or part of a pattern of practice by Defendant Dillard's, as well as, the other Defendants of race discrimination in the arrest and/or detention of African-American shoppers.

## COUNT I

## (Civil Rights Act of 1970, 42 U.S.C. § 1981)

27. Plaintiffs hereby adopt, reallege and incorporate by reference the allegations

contained in Paragraph 1-26 above.

28. Defendant Dillard's acting through its employees, agents and especially through the off-duty police officer detained Plaintiffs, without a factual basis, for an unreasonable time and in an unreasonable manner, because of their race. Defendants would not have treated and does not treat white customers in this same manner. On information and belief, Defendant Dillard's has engaged in a pattern of practice of arresting or detaining African-American shoppers. Shoppers at a significantly greater rate arrests are detained than white shoppers. Plaintiffs detention was part of this pattern of practice.

29. Defendants therefore deprived Plaintiffs of their full and equal benefits of the laws and proceedings for the security of person or property as they are enjoyed by white citizens in violation of 42 U.S.C. § 1981. Dillard's conduct is the proximate cause of such deprivation.

30. Plaintiffs have been damaged as a direct and proximate result of Defendants' actions. In particular, they have suffered injuries including but not limited to:

a. Inconvenience;

b. Insult;

c. Mental distress;

d. Embarrassment;

e. Humiliation;

f.    Anxiety;

g.    Emotional pain and suffering.

31.    Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for the rights of Plaintiffs.  Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in the amount sufficient to punish Defendants or to deter Defendants and other companies from like conduct in the future.

32.    Plaintiffs are entitled to recover from Defendants reasonable attorneys' fees as provided by 42 U.S.C. § 1998.

**WHEREFORE**, the Plaintiffs pray this Court, after a trial by jury of the claims, enter a judgement against Defendant for Plaintiffs' actual damages, nominal damages, exemplary damages, and punitive damages as are proven at trial, for their reasonable attorney fees and costs incurred herein, and for any such further equitable relief that this Court deems appropriate.

## COUNT II

### (42 U.S.C. § 1983)

33.    Plaintiffs adopt, reallege and incorporate reference allegations contained in Paragraphs 1-32 above.

34.    The off-duty police officer was employed at all times herein, not only by Dillard's, but also the City of Little Rock and acting in the official capacity not only as an off-duty security guard for Defendant Dillard's but also as a Little

Rock police officer.

35. Plaintiff is informed and believes, based thereon alleges, that at all times mentioned herein that the off-duty police officer was an agent, servant, and employee and co-adventurer and co-conspirator of each of the remaining Defendants and was at all times herein mentioned acting within the scope, course, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, and conspiracy.

36. The City of Little Rock, Arkansas, Little Rock Police Department and Defendant Dillard's, at all times relevant hereto, had actual and constructive knowledge of the conduct of the off-duty police officers mentioned herein.

37. As a result of the racial discrimination and action perpetrated against Plaintiffs by the Defendants, Defendants violated Plaintiffs constitutional rights and, consequently, Plaintiffs suffered severe emotional distress and injury.

38. Plaintiffs have a constitutional right to be free form such racial discrimination.

39. Defendants individually and collectively acted under color of state law when they committed the racial discrimination.

40. The actions of the Defendants, each of them, were separately and jointly the proximate cause of Plaintiffs' injury and damage.

41. Defendants, City of Little Rock, Arkansas, Little Rock Police Department and Dillard's failed to comply with their duty to take all reasonable and necessary steps to eliminate racial discrimination from or by their employees or to

prevent it from occurring in the future.

42. Plaintiffs have suffered and will continue to suffer pain and mental anguish, and emotional distress.

43. Plaintiffs have incurred and will continue to incur medical expenses for treatment by counselors and therapists and other health care professionals and for incidental expenses.

44. All of these damages are the direct and proximate result of Defendants willful, knowledgeable, and intentional racial discrimination against the Plaintiffs.

45. As a direct and proximate result of Defendants' actions of racial discrimination, Plaintiffs have been compelled to retain counsel to represent them.

46. Plaintiffs will continue to incur legal fees, costs and expenses.

47. Plaintiffs request that attorneys' fees be awarded to them to the extent allowed by law.

48. The Defendants' action and conduct described herein were willful and intentional and done with malice toward Plaintiffs and in conscious disregard for their rights.

49. Plaintiffs believe that the Defendants' acting through their officers, agents and supervisors, authorized, condoned, and/or ratified the racial discrimination committed by the off-duty police officer and the remaining Defendants against Plaintiffs.

50.   By reason thereof, Plaintiffs is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

51.   Plaintiffs have been damaged as a direct and proximate result of the Defendants actions, In particular, they have suffered injuries including but not limited to:

   a.   Inconvenience;

   b.   Insult;

   c.   Mental distress;

   d.   Embarrassment;

   e.   Humiliation;

   f.   Anxiety; and

   g.   Emotional pain and suffering.

52.   The Defendants actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for the rights of Plaintiffs.  Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendant or to deter Defendant and other companies from like conduct in the future.

**WHEREFORE**, the Plaintiffs pray this Court, after a trial by jury of the claims, enter a judgement against, Defendant for Plaintiffs' actual damages, nominal damages, exemplary damages, and punitive damages as are proven at trial, for their reasonable attorney fees and costs incurred herein, and for any such further equitable relief that this

Court deems appropriate.

## COUNTY III

### (Defamation Per Se)

53. Plaintiffs adopt, reallege and incorporate reference allegations contained in Paragraphs 1-52 above.

54. The accusations of theft made by Defendants concerning Plaintiffs are defamatory per se.

55. Plaintiffs have been damaged as a direct and proximate result of Defendants' actions. In particular, they have suffered injuries including but not limited to:

    a.    Inconvenience;

    b.    Insult;

    c.    Mental distress;

    d.    Embarrassment;

    e.    Humiliation;

    f.    Anxiety; and

    g.    Emotional pain and suffering

56. Defendant's actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, rights of Plaintiffs. Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendant or to deter Defendant and other companies from like conduct in the future.

**WHEREFORE**, the Plaintiffs pray this Court, after a trial by jury of the claims, enter a judgement against Defendant for Plaintiffs' actual damages, nominal damages, exemplary damages, and punitive damages as are proven at trial, for their reasonable attorney fees and costs incurred herein, and for any such further equitable relief that this Court deems appropriate.

### COUNT IV

### (False Imprisonment)

57.　Plaintiffs hereby adopt, reallege and incorporate by reference the allegations contained in Paragraphs 1-56 above.

58.　Defendant Dillard's, acting through its agents and employees, especially the off-duty police officer intentionally and recklessly detained Plaintiffs against their will.

59.　Defendant had no reasonable cause to believe that Plaintiff had wrongfully taken merchandise from its store on February 12, 1998.

60.　Defendant had no reasonable cause to believe that Plaintiffs had wrongfully taken merchandise from its store on February 12, 1998.

61.　Defendant had no other legal excuse for his actions.

62.　Plaintiffs have been damaged as a direct and proximate result of Defendant Dillard's action.  In particular, they have suffered injuries including but not limited to:

a.　Inconvenience;

b.　Insult;

c.   Mental distress;

d.   Embarrassment;

e.   Humiliation;

f.   Anxiety; and

g.   Emotional pain and suffering.

63.   Defendant Dillard's actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard, for rights of Plaintiffs. Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendant or to deter Defendant and other companies from like conduct in the future.

**WHEREFORE**, the Plaintiffs pray this Court, after a trial by jury of the claims, enter a judgement against Defendant for Plaintiffs' actual damages, nominal damages, exemplary damages, and punitive damages as are proven at trial, for their reasonable attorney fees and costs incurred herein, and for any such further equitable relief that this Court deems appropriate.

Dated this _27_ day of _____, 2000.

Paul D. Capps
Ark. Supreme Court Assoc. No. 64008
Somers Executive Suites, #1018
4705 Somers Avenue
North Little Rock, AR 72116
Phone:      (501) 753-5540
Fax:         (501) 758-7116
ATTORNEY FOR PLAINTIFFS

Dewey P. Sloan Jr., P.C.
MO Bar # 37231
IA Bar # W0110234311
IA Bar Member # 16354
11 Central Avenue NW, PO Box 501
Le Mars, IA 51031-0501
Phone:        (712) 546-1605
Fax:           (712) 548-4667
ATTORNEY FOR PLAINTIFFS